UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RONNIE BOONE, #501976,

    Petitioner,

v.

MILLICENT WARREN,

    Respondent.
_____/

Case No. 2:11-cv-11024

HONORABLE STEPHEN J. MURPHY, III

**OPINION AND ORDER TRANSFERRING THE PETITION FOR
WRIT OF HABEAS CORPUS TO THE WESTERN DISTRICT OF MICHIGAN**

Petitioner Ronnie Boone has filed a petition for a writ of habeas corpus with this Court pursuant to 28 U.S.C. § 2254.  Petitioner is confined at the Kinross Correctional Facility in Kincheloe, Michigan.[1]  He challenges his conviction for armed robbery, entered in the Berrien Circuit Court on June 18, 2004, following Petitioner's guilty plea, and the resulting sentence.

When a habeas petition is submitted by a person in the custody of a state with two or more Federal judicial districts, the petition may be filed in either the district where the person is in custody or in the district where the person was convicted and sentenced.  28 U.S.C. § 2241(d).  The district in which the petitioner has filed a habeas petition, in the exercise of discretion and in furtherance of justice, may transfer the petition to another district court having jurisdiction over the petition.  *Id.;  see also* 28 U.S.C. § 1406(a) (district

---

[1] Petitioner incorrectly names Millicent Warren as Respondent. *See* Rules Governing Section 2254 Cases, Rule 2.  According to the Michigan Department of Corrections website, Warren is Warden of the Women's Huron Valley Correctional Facility. The Warden of the Kinross Correctional Facility is Jeffrey Woods.

court may dismiss or, in the interest of justice, transfer case with improper venue to district or division where it could have been brought).

Petitioner is confined in Chippewa County, Michigan, which lies in the Northern Division of the Western District of Michigan. See 28 U.S.C. § 102(b)(1). The conviction and sentence he challenges were rendered in Berrien County, Michigan, which lies in the Southern Division of the Western District of Michigan. See 28 U.S.C. § 102(b)(1). Venue is not appropriate in the Eastern District of Michigan as the Petitioner is neither in custody in this district nor was he convicted and sentenced here. Instead, the appropriate venue for the Petition is the Western District of Michigan. The Court will therefore transfer Petitioner's case to the Western District of Michigan.

Accordingly, the Court **ORDERS** the Clerk of the Court to transfer this case to the United States District Court for the Western District of Michigan pursuant to 28 U.S.C. § 2241(d).

s/Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: March 31, 2011

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on March 31, 2011, by electronic and/or ordinary mail.

s/Carol J. Cohron
Case Manager